law prism

**IN THE SUPERIOR COURT OF GUAM**

OF GUAM
2012 JUL 12 AM 9: 31

| | |
|---|---|
| QUALITY DISTRIBUTORS )<br> Plaintiff, )<br> )<br>vs. )<br>PACIFIC RESTAURANT, L.L.C. dba )<br>CHILI'S GUAM, and BRIAN ARTERO, )<br> )<br> Defendants. )<br>_____ )<br>PACIFIC RESTAURANT, L.L.C. dba )<br>CHILI'S GUAM, and BRIAN ARTERO )<br> )<br> Counterclaim-Plaintiffs, )<br> )<br>vs. )<br> )<br>QUALITY DISTRIBUTORS, )<br> )<br> Counterclaim-Defendants. ) | CIVIL CASE NO. CV 498-11<br><br><br><br><br>DECISION AND ORDER<br><br>(Motion to Strike; Motion to Dismiss) |

The Court hereby issues the following decision on Plaintiff/Counterclaim Defendant's ("Quality") Motion to Strike First Amended Answer and Counterclaim, and Motion to Dismiss without necessity for oral arguments pursuant to Local Rules of Superior Court of Guam (LRSC) 7.1(e)(3), and based on the written materials and briefs on file herein. For the following reasons the Court **GRANTS** in part, and **DENIES** in part.

On March 27, 2012, Quality filed this Motion to Strike, requesting that the Court strike the First Amended Complaint (FAC) as being untimely filed in accordance with instructions of the Court on March 14, 2012, and striking of certain pleadings within the FAC which reference a claim for relief pursuant to the Guam Deceptive Trade Practices Act (GDTPA). On March 14th, this Court granted in part, and denied in other parts, Defendant/Counterclaim Plaintiff's ("Chili's Guam") Motion for Leave to Amend its Answer and Counterclaim. Specifically, the Court denied Chili's Guam's request to add a cause of action pursuant to Guam's Deceptive Trade Practices Act, but permitted leave to amend on other causes of action. The Court ordered pleadings to be filed on March 16th, two (2) days after the Court's ruling from the bench. Chili's

Guam did not file until March 20th, six (6) days later, with only the statement that counsel's notes on when to file were mistaken. Quality objects to the late filing, stating that Chili's Guam has a pattern of late filing, and disregard for scheduling orders in this matter. Three orders of this Court have been ignored by Chili's Guam: original Scheduling Order of June 31, 2011; February 8, 2012 Order Striking Jury Trial Demand; most recent order requiring amended pleadings to be filed by March 16th.

The Court agrees with Quality regarding the pattern of late and non-compliant actions by Chili's Guam. The Court on March 14th granted leave for Chili's Guam to amend its Answer and Counterclaim to add a breach of contract claim. However, the Court clearly denied Chili's Guam request to add any claims pursuant to Guam's Deceptive Trade Practices Act, and yet the FAC contains reference to such a claim therein. Guam Rule of Civil Procedure (GRCP) Rule 12(f) permits a Court to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading. To the extent that the FAC seeks relief under the GDTPA, heretofore denied, those matters are struck in their entirety as immaterial and impertinent.

Rules of the Superior Court GR 2.1 permits this Court to punish any failure of compliance with orders of the Court by way of monetary sanctions. Quality's Motion to Dismiss Amended Answer and Counterclaims[1] suggests that dismissal is an appropriate sanction. The Court does not agree. Dismissal is extreme, and is not the favored procedural remedy. The extra business day[2] taken by Chili's Guam to file its FAC was within reason, and had counsel requested additional time the Court would have permitted it. The Court does not find the facts warrant imposition of a GR 2.1 sanction. What is disturbing to the Court, however, is a pattern of non-compliance. The Court, therefore, puts counsels on notice that further non-compliance will not be so generously tolerated.

The Court GRANTS Quality's request to strike portions of the FAC which reference relief under the GDTPA, and DENIES Quality's motion to strike and to dismiss the FAC in its entirety.

---

[1] Relying on its March 27th pleadings in support of Motion to Strike.
[2] March 17th (Saturday); March 18th (Sunday); one (1) extra business day, Monday March 19th.

The Court currently has set the following motions for oral argument on August 17, 2012 at 2:00 p.m. by request of the parties for continued hearing: Chili's Guam Motion for Reconsideration of the Court's February 8th Striking Jury Demand of Defendant; and Quality's Motion for Summary Judgment.

The Court further admonishes all counsels to continue to make every good faith effort towards settlement. On April 3, 2012, the Court ordered as much, and on April 30th the Court was informed by the mediation service provider that mediation had become "unnecessary or impossible." This case is one in which settlement should never be described as "unnecessary." Therefore, the term "impossible" implies that perhaps the case is not yet ripe or appropriate for settlement, and the Court strongly recommends that counsels continue to strive towards resolution.

SO ORDERED: **JUL 1 2 2012**

/S/ E. Barrett Anderson
HONORABLE ELIZABETH BARRETT-ANDERSON
Senior Judge *Pro Tempore*, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUL 1 2 2012

Tammy L. Birtendo
Deputy Clerk, Superior Court of Guam